# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| PAGOUNIS, WILLIAM | § | Case No. 13-35476 |
| PAGOUNIS, KATHRYN | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## SUCCESSOR TRUSTEE'S FINAL REPORT (TFR)

The undersigned successor trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on                  .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]              $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

   5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

   6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

   7.  The Trustee's proposed distribution is attached as **Exhibit D**.

   8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ _____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

   The trustee has received $ \_\_\_\_\_ as interim compensation and now requests a sum of $ \_\_\_\_\_, for a total compensation of $ \_\_\_\_\_[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ \_\_\_\_, and now requests reimbursement for expenses of $ \_\_\_\_, for total expenses of $ \_\_\_\_[2].

   Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____ By:/s/B. HELMS, SUCCESSOR TRUSTEE_____
              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| | | |
|---|---|---|
| Case No: | 13-35476 | Judge: DONALD R. CASSLING |
| Case Name: | PAGOUNIS, WILLIAM | |
| | PAGOUNIS, KATHRYN | |
| For Period Ending: | 11/04/14 | |

| | |
|---|---|
| Trustee Name: | B. HELMS, SUCCESSOR TRUSTEE |
| Date Filed (f) or Converted (c): | 09/06/13 (f) |
| 341(a) Meeting Date: | 10/08/13 |
| Claims Bar Date: | 01/23/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 6N734 PINE ST BENSENVILLE IL | 275,000.00 | 0.00 | | 325,000.00 | FA |
| 2. CASH ON HAND | 50.00 | 0.00 | | 0.00 | FA |
| 3. TWO CHASE CHECKING ACCOUNTS | 500.00 | 0.00 | | 0.00 | FA |
| 4. TWO CHASESAVINGS ACCOUNTS | 805.00 | 0.00 | | 0.00 | FA |
| 5. HOUSEHOLD GOODS AND FURNISHINGS | 5,000.00 | 0.00 | | 0.00 | FA |
| 6. WEARING APPAREL | 1,000.00 | 0.00 | | 0.00 | FA |
| 7. JEWELERY | 20,000.00 | 0.00 | | 0.00 | FA |
| 8. PENSION PLANS AND PROFIT SHARING | 1,500.00 | 0.00 | | 0.00 | FA |
| 9. 2010 CADILLAC SRX | 17,500.00 | 0.00 | | 0.00 | FA |
| 10. 2010 CADILLAC CTS | 18,000.00 | 0.00 | | 0.00 | FA |
| 11. safe deposit box (u) | 0.00 | 0.00 | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)  $339,355.00  $0.00  $325,000.00  $0.00

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Successor Trustee appointed 4/14/14

Sale of debtor's residence closed 4/17/14

TFR submitted to UST 10/8/14

Initial Projected Date of Final Report (TFR): 05/30/15    Current Projected Date of Final Report (TFR): 05/30/15

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| Case No: | 13-35476 -CAS | Trustee Name: | B. HELMS, SUCCESSOR TRUSTEE |
|---|---|---|---|
| Case Name: | PAGOUNIS, WILLIAM | Bank Name: | ASSOCIATED BANK |
| | PAGOUNIS, KATHRYN | Account Number / CD #: | *******1764 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******3586 | | |
| For Period Ending: | 11/04/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 04/28/14 | 1 | First American Title Company | sale of debtors residence | | 41,866.33 | | 41,866.33 |
| | | FIRST AMERICAN TITLE COMPANY | Memo Amount: 325,000.00 | 1110-000 | | | |
| | | | sale of debtors residence | | | | |
| | | | Memo Amount: ( 223,541.74 ) | 4110-000 | | | |
| | | | Wells Fargo mortgage payoff | | | | |
| | | | Memo Amount: ( 2,200.50 ) | 2500-000 | | | |
| | | | Credit to buyers for closng costs | | | | |
| | | | Memo Amount: ( 7,734.16 ) | 4700-000 | | | |
| | | | Real Estate taxes | | | | |
| | | | Memo Amount: ( 2,267.27 ) | 2820-000 | | | |
| | | | Real estate tax proration | | | | |
| | | | Memo Amount: ( 16,250.00 ) | 3510-000 | | | |
| | | | Century 21 real estate commission | | | | |
| | | | Memo Amount: ( 600.00 ) | 3210-000 | | | |
| | | | Letty Elwood attorney fees | | | | |
| | | | Memo Amount: ( 190.00 ) | 2500-000 | | | |
| | | | Frist American Title costs | | | | |
| | | | Memo Amount: ( 350.00 ) | 2500-000 | | | |
| | | | JNT Land Surveying | | | | |
| | | | Memo Amount: ( 30,000.00 ) | 8100-000 | | | |
| | | | Debtors homestead exemptions | | | | |
| 05/07/14 | | ASSOCIATED BANK | BANK SERVICE FEE | 2600-000 | | 10.00 | 41,856.33 |

Page Subtotals 41,866.33 10.00

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

LFORM24

Ver: 18.03a

**FORM 2**

Page: 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: | 13-35476 -CAS |
| Case Name: | PAGOUNIS, WILLIAM |
| | PAGOUNIS, KATHRYN |
| Taxpayer ID No: | *******3586 |
| For Period Ending: | 11/04/14 |

| | |
|---|---|
| Trustee Name: | B. HELMS, SUCCESSOR TRUSTEE |
| Bank Name: | ASSOCIATED BANK |
| Account Number / CD #: | *******1764  Checking Account (Non-Interest Earn |
| Blanket Bond (per case limit): | $ 5,000,000.00 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| Memo Allocation Receipts: | 325,000.00 | COLUMN TOTALS | 41,866.33 | 10.00 | 41,856.33 |
| Memo Allocation Disbursements: | 283,133.67 | Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| | | Subtotal | 41,866.33 | 10.00 | |
| Memo Allocation Net: | 41,866.33 | Less: Payments to Debtors | | 0.00 | |
| | | Net | 41,866.33 | 10.00 | |

| | | | | NET | ACCOUNT |
| Total Allocation Receipts: | 325,000.00 | TOTAL - ALL ACCOUNTS | NET DEPOSITS | DISBURSEMENTS | BALANCE |
| Total Allocation Disbursements: | 283,133.67 | Checking Account (Non-Interest Earn - *******1764 | 41,866.33 | 10.00 | 41,856.33 |
| | | | ----------------------- | ----------------------- | ----------------------- |
| Total Memo Allocation Net: | 41,866.33 | | 41,866.33 | 10.00 | 41,856.33 |
| | | | ============= | ============= | ============= |
| | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

/s/   B. HELMS, SUCCESSOR TRUSTEE

Trustee's Signature: _____  Date: 11/04/14
                        B. HELMS, SUCCESSOR TRUSTEE

Page Subtotals    0.00    0.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: November 04, 2014 |
|---|---|---|---|---|---|---|
| Case Number: 13-35476<br>Debtor Name: PAGOUNIS, WILLIAM | | Priority Sequence | | | | |
| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
| 001<br>3120-00 | InnovaLaw, P.C. | Administrative | | $0.00 | $324.26 | $324.26 |
| 001<br>3110-00 | InnovaLaw, P.C. | Administrative | | $0.00 | $4,895.50 | $4,895.50 |
| 001<br>3410-00 | Alan D. Lasko & Associates, P.C. | Administrative | | $0.00 | $1,196.00 | $1,196.00 |
| 001<br>3420-00 | Alan D. Lasko & Associates P.C. | Administrative | | $0.00 | $15.78 | $15.78 |
| 001<br>2100-00 | DAVID GROCHOCINSKI | Administrative | | $0.00 | $18,000.00 | $18,000.00 |
| 1<br>070<br>7100-00 | Capital One<br>by American Infosource LP<br>P.O. Box 71083<br>Charlotte NC 28272 | Unsecured | | $0.00 | $20,439.88 | $20,439.88 |
| 2<br>070<br>7100-00 | Sallie Mae<br>c/o Sallie Mae<br>220 Lasley Ave<br>Wilkes Barre PA 18706 | Unsecured | | $0.00 | $3,423.01 | $3,423.01 |
| 3<br>070<br>7100-00 | PYOD as<br>assignee of FNBM LLC<br>Resurgent Capital Services<br>P.O. Box 19008<br>Greenville SC 29602 | Unsecured | | $0.00 | $518.15 | $518.15 |
| 4<br>070<br>7100-00 | eCAST Settlement Corp<br>assignee of Chase Bank<br>P.O. Box 29262<br>New York NY 10087 | Unsecured | | $0.00 | $15,082.00 | $15,082.00 |
| 5<br>070<br>7100-00 | eCAST Settlement Corp<br>assignee of Chase Bank USA<br>P.O. Box 29262<br>New York NY 10087 | Unsecured | | $0.00 | $13,374.04 | $13,374.04 |
| 6<br>070<br>7100-00 | eCAST Settlement Corp, assignee of<br>Chase Bank USA<br>P.O> Box 29262<br>New York NY 10087 | Unsecured | | $0.00 | $10,154.27 | $10,154.27 |
| 7<br>070<br>7100-00 | eCAST Settlement Corp<br>assignee of Chase Bank USA<br>P.O. Box 29262<br>New York NY 10087 | Unsecured | claim amended 9/8/14 | $0.00 | $14,933.06 | $14,933.06 |

| | | EXHIBIT C | | | |
|---|---|---|---|---|---|
| Page 2 | | ANALYSIS OF CLAIMS REGISTER | | | Date: November 04, 2014 |

Case Number:  13-35476  
Debtor Name:  PAGOUNIS, WILLIAM

Priority Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| | Case Totals: | | | $0.00 | $102,355.95 | $102,355.95 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## SUCCESSOR TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-35476
Case Name: PAGOUNIS, WILLIAM
                  PAGOUNIS, KATHRYN
Trustee Name: B. HELMS, SUCCESSOR TRUSTEE

    Balance on hand    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: D. GROCHOCINSKI, TRUSTEE | $ | $ | $ |
| Attorney for Trustee Fees: InnovaLaw, P.C. | $ | $ | $ |
| Accountant for Trustee Fees: Alan D. Lasko & Associates, P.C. | $ | $ | $ |
| Other: InnovaLaw, P.C. | $ | $ | $ |
| Other: Alan D. Lasko & Associates P.C. | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses    $_____
    Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Capital One | $ | $ | $ |
| 2 | Sallie Mae | $ | $ | $ |
| 3 | PYOD as | $ | $ | $ |
| 4 | eCAST Settlement Corp | $ | $ | $ |
| 6 | eCAST Settlement Corp, assignee of | $ | $ | $ |
| 5 | eCAST Settlement Corp | $ | $ | $ |
| 7 | eCAST Settlement Corp | $ | $ | $ |

Total to be paid to timely general unsecured creditors       $_____

Remaining Balance       $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

      Tardily filed general (unsecured) claims are as follows:

NONE

      Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE